EWING TOWNSHIP, PLAINTIFF-APPELLANT, v. WILBUR H. MATHESIUS, ET AL., DEFENDANTS-RESPONDENTS, AND ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 16, 1983—Decided January 30, 1984.

Before Judges FRITZ, FURMAN and DEIGHAN.

*Charles P. Allen, Jr.* argued the cause for appellant (*Dietrich, Allen & St. John,* attorneys).

*David L. Rhoads* argued the cause for respondents Wilbur H. Mathesius, et al. (*Paul T. Koenig, Jr.,* Mercer County Counsel, attorney; *Roberta A. Grillo,* Assistant County Counsel, on the brief).

*Harry Haushalter,* Deputy Attorney General, argued the cause for intervenor-respondent, Attorney General of New Jersey (*Irwin I. Kimmelman,* Attorney General of New Jersey,

attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *Harry Haushalter* on the brief).

PER CURIAM.

The township appeals from the refusal of Judge Lasser, specially designated by the assignment judge to hear this action in lieu of prerogative writs, to order a county tax rebate to plaintiff township in an opinion which determined that the words "county institution" appearing in *L.*1982, *c.* 36 (*N.J.S.A.* 54:4–5a) were not intended to grant a county tax rebate to county airports. *Ewing Tp. v. Mathesius,* 189 *N.J.Super.* 530 (Law Div.1983).

The Attorney General of New Jersey intervened in this appeal as a party respondent by leave granted. He first filed a brief asserting as the sole issue the procedural objection that the trial court should have dismissed the township's complaint on the basis of its "having been filed untimely and in the wrong forum since Ewing failed to file an application for the 1982 rebate of county taxes with the Mercer County Board of Taxation by August 15, 1982." He later supplemented that brief with a further brief defending the constitutionality of *N.J.S.A.* 54:4–5b, *L.*1982, *c.* 121, conceived to have been raised in the reply brief of the township which attacked the argument of respondents in their answering brief that called into play a retroactive application of that statute. Neither of these issues is a matter of concern here. With respect to the urged retroactivity of *L.*1982, *c.* 121, it is clear that Judge Lasser predicated his whole decision upon a consideration of *L.*1982, *c.* 36 and specifically eschewed consideration of anything which might call into question the constitutionality of *L.*1982, *c.* 121. 189 *N.J.Super.* at 537. With regard to the procedural point, we are satisfied that the issue is of such moment and sufficiently restricted to a question of law that we should not insist on application of the doctrine of exhaustion of administrative remedies.

■ We affirm substantially for the reasons set forth by Judge Lasser in the opinion in the Law Division.